[L. A. No. 2752. Department One.—December 5, 1911.]

## FRED CORDLER, Respondent, v. MAX E. H. KEFFEL, Appellant.

NEGLIGENCE—MASTER AND SERVANT—INJURY TO GARDENER FROM FALL INTO SECRET WELL—WALKING ACROSS COVERING—FINDING AGAINST CONTRIBUTORY NEGLIGENCE.—In an action by one employed as a gardener in a nursery, to recover of his employer damages for personal injuries sustained by him from falling into an unused well, of the existence of which he was unaware, occasioned by the breaking of a board covering while he was walking over it, and which covering was obviously laid so that persons walking across it would not fall into the well, it was for the jury to determine whether or not a reasonably prudent man would have walked across the covering or around it; and the decision of the jury negativing the plaintiff's contributory negligence in such respect can only be vacated by the trial court on motion for a new trial. On appeal it is conclusive.

ID.—GENERAL SCOPE OF EMPLOYMENT—PREPARING TO ENGAGE IN WORK.—Such gardener was acting within the general scope of his employment while walking over the covering, if he then had reached the place of his work, the time for which had arrived, had procured his working tools, and was proceeding to hang his coat at the usual place when the accident occurred. He was, therefore, not a mere licensee or trespasser, and did not assume the risk of injury from the rotten condition of the boards of which he was unaware.

ID.—INSTRUCTION—DUTY TO INSPECT WELL—UNREASONABLE NEGLECT.—Where the evidence showed that the well in question was one hundred and twenty-five feet deep, and situated where persons might be

expected to go upon it, and that the covering had been on it eleven years, and had been examined but once, about four years before the accident, such neglect in examination would be unreasonable and negligent, and an instruction which proceeded on the theory that the employer was under the duty of continuously inspecting it will be deemed without prejudice.

ID.—FAILURE TO MAKE REASONABLE INSPECTION—SECRET DEFECT IN COVERING.—Under such circumstances, the employer would not be relieved from liability, notwithstanding the defect in the platform was secret and unknown and was incident to ordinary wear and tear, if it could have been discovered by reasonable inspection.

ID.—DANGERS NOT APPARENT TO EYE—MASTER MUST MAKE REASONABLE INSPECTION.—The duty of a master to his servant requires him to make a reasonably careful inspection at reasonable intervals to learn of dangers not apparent to the eye, to which the servant may be exposed while engaged at the place where he is directed to work. Each case of this sort depends largely upon its own peculiar circumstances.

ID.—INSTRUCTIONS—SERVANT VOLUNTARILY TAKING PLACE OF DANGER—ASSUMPTION OF OBVIOUS RISK.—In such action, as the plaintiff at the time of the accident was acting within the general scope of his employment, it was proper to instruct the jury that if an employee in the discharge of his duties voluntarily takes a place of danger he is not required to take, he assumes the risk which may attach to such place "which is obvious to him by the use of ordinary care" and which is greater than the risk attached to the place he may have taken by reason of his employment.

ID.—IMMATERIAL ERROR IN REJECTING EVIDENCE.—The refusal to permit a witness who had looked into the well two weeks before the accident to testify whether he then noticed anything rotten about the board covering, is without injury, if the witness subsequently testifies that he saw nothing peculiar about the boards.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. W. R. Hervey, Judge.

The facts are stated in the opinion of the court.

H. T. Morrow, for Appellant.

Gray, Barker, Bowen, Allen, Van Dyke & Jutten, for Respondent.

SHAW, J.—Appeals are here presented from the judgment and from an order refusing a new trial.

Plaintiff sued for damages alleged to have been caused by the negligence of the defendant. The verdict was in favor of the plaintiff and judgment followed. The points presented upon this appeal arise upon the ruling upon the motion for a new trial, consisting entirely of alleged insufficiency of the evidence and errors of law occurring at the trial.

1. It is first contended that the evidence shows that the plaintiff's injury was in part caused by his own negligence. He was employed by the defendant to work as a gardener in a nursery belonging to the defendant. In the nursery grounds was a well one hundred and twenty-five feet deep, thirty feet of which was filled with water. It was dug many years before and was not in use. It was covered with boards lying flat a little above the natural surface of the earth. By reason of age and decay they had become weak and insufficient to support the plaintiff's weight. Plaintiff did not know of the existence of the well, defendant did not inform him thereof, and the appearance of the boards did not indicate to him that there was a well or excavation beneath them. He had been working about the premises for some time. The ground around and near the well had been spaded the day before the accident. The plaintiff had been directed to rake and pulverize the soil turned up by the spading. On the morning of the injury he walked two and a half miles to the nursery and got his rake out of the toolhouse in the nursery to go to work. He had been in the habit, while at work, of taking off his coat and hanging it upon a standpipe near this well and also in the habit of obtaining water to drink from said standpipe. Feeling thirsty from his walk he went to the standpipe to get a drink and hang his coat thereon. The covering of this well lay directly in his way and he walked over it, whereupon it broke with his weight and he fell into the well. It is alleged that the defendant was negligent in permitting the boards to remain upon the well until they had become weak from decay, and in failing to inform the plaintiff of the existence of the well and the condition of the boards.

The plaintiff's testimony is to the effect that he did not know of the existence of the well until he fell into it, that the defendant did not tell him of it and that there was nothing in the appearance of the boards to indicate that there was a well under them, that it was about five or six inches above the

level of the ground and all level and that the boards looked all right when he stepped upon them. He had seen them the day before but had paid no particular attention to them. There was other testimony to the effect that the boards were supported by stringers or crosspieces, which were in a condition of dry rot on the under side and that from an inspection of the upper surface they did not look decayed. There was a trap door about two feet square framed in the middle of the covering and flush with the other boards, fastened with hinges and latch, but the plaintiff did not observe it. There was some other evidence contrary to some of these facts and tending to show that the platform was raised somewhat higher than the plaintiff's testimony indicated.

We see nothing here to compel the conclusion that the plaintiff failed to use due care in walking across the covering. It was obviously laid so that persons walking across it would not fall into the well. Under the circumstances it was for the jury to determine whether or not a reasonably prudent man would walk across it or around it. The decision of the jury in such a case can be vacated only by the trial court on motion for a new trial. On appeal it is conclusive.

2. There is no just basis for the claim that the plaintiff was not engaged in the service for which he was employed while walking over the boards. He had reached the place of work and the time was at hand, he had obtained the rake from the toolhouse and was proceeding to hang his coat at the usual place when the accident occurred. He was clearly within the general scope of his employment, was going where he had a right to go, and where he might reasonably be expected to go if occasion arose. He was, therefore, not a mere licensee or trespasser and he did not assume the risk of injury from the rotten condition of the boards of which he was unaware.

3. The court instructed the jury that the duty of the employer to furnish the employee a safe place in which to work and see to it that there are no concealed dangers to the employee, requires the employer to "make reasonable inspection of the premises at the time he sets the servant to work," that "the duty of inspection must be continuously fulfilled and positively performed." This is assigned as error. We do not agree to the proposition that in a case such as this where the defect arises from the gradual processes of decay,

the employer is required to examine the condition of the boards and the supporting timbers every day. Reasonable care would scarcely demand such diligence. If the question of the exact time of inspection was at all important or could have had any effect upon the verdict and the instruction is to be so understood, a reversal would be necessary. But the defendant's testimony was that the covering had been on the well eleven years and that he had examined it but once, about four years before the accident. He did not say or claim that the examination then was for the purpose of discovering decay. The failure to examine such a covering over a well of that depth for that length of time if the well were situated where persons might be expected to go upon it, would be *prima facie* unreasonable and negligent, under the circumstances of this case. The instruction could not have prejudiced the defendant.

4. There was no error in the instruction that if the defect in the platform was secret and unknown and was incident to ordinary wear and tear and could not have been discovered by reasonable inspection, the jury should find for the defendant. The supposed error was in the insertion of the phrase "and could not have been discovered by a reasonably careful inspection." The duty of a master to his servant requires him to make a reasonably careful inspection at reasonable intervals to learn of dangers not apparent to the eye, to which the servant may be exposed while engaged at the place where he is directed to work. Each case of this sort depends largely upon its own peculiar circumstances. This well was very deep. A fall into it would be attended with great danger and probably cause death. The water below would tend to keep the under surface of the boards damp and this would cause decay. They had been in place eleven years without any careful inspection. Under these circumstances, a reasonably careful man would not have been content to allow them to remain without some inspection, or something more than a passing glance at the upper surface. It being defendant's duty, therefore, to make a reasonably careful inspection and discover the defects reasonably to be apprehended after such a lapse of time, but not obvious without inspection, the qualification was a proper one. The decision in *Baddeley* v. *Shea*, 114 Cal. 1, [55 Am. St. Rep. 56, 33 L. R. A. 747, 45 Pac. 990],

is not in conflict with this conclusion. The circumstances were different. The front steps there involved had not been in place so long, they were in daily use and the danger to be apprehended from their breaking down would not be so great.

5. Another instruction excepted to is as follows:—

"The court instructs you that if an employee in the discharge of his duties voluntarily takes a place which he is not required to take, he assumes the risk which may attach to such place which is obvious to him by the use of ordinary care and which is greater than the risk attached to the place he may have taken by reason of his employment."

This instruction was asked by the defendant except the phrase "which is obvious to him by the use of ordinary care," the insertion of which clause is claimed to be error. If the plaintiff had been going beyond the scope of his duty the insertion of this clause might have been unwarranted by the law. As to this we need not decide. As we have seen, he was engaged in the work at which he was set and in that case he would only be required to use ordinary care to avoid danger. The instruction, as applied to this case, was correct.

6. A witness who had looked into the well two weeks before the accident was asked the question: "Did you notice anything rotten about the wood or covering at that time?" An objection that this was incompetent, irrelevant, and immaterial was sustained. Counsel are frequently too much given to such objections and the trial courts are too ready to sustain them. They interrupt the orderly introduction of the evidence and produce no benefit. The question was proper, though unimportant. The witness had at least glanced at the covering on its under surface at that time. If that glance, although he was not looking for decay, had not caused him to notice such decay, the fact would have been evidence in favor of the defendant that no decay was obvious. But in his subsequent testimony he said that he saw nothing peculiar about these boards. In substance, therefore, he did answer the question and the ruling caused no injury.

These appear to be all the points urged in favor of reversal. We find no prejudicial error in the record.

The judgment and order are affirmed.

Angellotti, J., and Sloss, J., concurred.