[Civ. No. 7412. First Appellate District, Division Two.—November 20, 1930.]

SAM GOOTAR, Respondent, v. BOB LEVIN, Appellant.

J. Hampton Hoge and A. Dal Thomson for Appellant.

Clifton Hilderbrand and Allison E. Schofield for Respondent.

SPENCE, J.—Plaintiff brought this action against defendant to recover for personal injuries received when plaintiff was struck by defendant's automobile truck. Judgment in the sum of $2,250 was entered in favor of plaintiff upon the verdict of the jury. From this judgment defendant appeals.

The accident occurred in a private driveway on the premises of the defendant. Both plaintiff and defendant were dealers in junk and plaintiff had called at defendant's premises to obtain a chain. In leaving the premises plaintiff stepped into the driveway from defendant's office in the adjacent building. The width of the driveway was twelve feet three inches. Defendant's employee was endeavoring to back the truck from the front of the premises through the driveway and into the yard. The truck was about eight feet wide and with its load of boilers or tanks was estimated to be about ten or eleven feet in width. In operating the car the employee was standing with his left foot on the running-board and his right foot on the gas. The truck was moving very slowly until just before the accident. The employee had an assistant straightening the wheels and directing him as he started to back. The truck was moving back and then forward in order to start into the driveway on a straight course. The plaintiff, preceded by a Mr.

Cohen, walked along the right side of the driveway toward the front of the premises. The driver was on the left side of the truck and did not see the plaintiff. Plaintiff saw the truck when he was twenty-five feet from it and the truck was then a few feet over the sidewalk. The sidewalk was fifteen feet three inches in width. Plaintiff was then about ten feet from the corner of the building. He proceeded forward and the truck proceeded to back. Plaintiff testified that the truck did not back straight and that it increased its speed just before the accident. He stated that there were two piles of junk near the corner of the building and that he got mixed up and did not know what to do. He flattened himself against the wall at the corner of the building and the truck struck him, causing the injuries.

■ Appellant contends that the respondent was guilty of negligence as a matter of law. We do not believe that the record supports this contention. The diagrams and photographs used on the trial are not before us and the exact locations and descriptions of the various objects, such as buildings, fences, gates, scales and piles of junk referred to in the testimony, are not altogether clear. It was respondent's claim that there was sufficient clearance to pass the truck if it had backed on a straight course and further that he had sufficient time to clear the building if the speed of the truck had not been suddenly increased. Contributory negligence is ordinarily a question for the jury. Although the evidence might have warranted an implied finding of contributory negligence, it cannot be said that. the evidence showed that plaintiff was guilty of contributory negligence as a matter of law.

■ Appellant further contends that the trial court erred in its instructions to the jury. In instruction 29 the court read to the jury the provisions of section 97 of the California Vehicle Act (Stats. 1923, p. 517) making it unlawful to drive a motor vehicle upon a public highway under certain conditions without a rear view mirror. On the trial great stress was laid upon the failure of defendant to equip his truck with this type of mirror. The instruction given was inapplicable to the facts in the present case and should not have been given. The section covers the operation of vehicles on public highways. The accident here occurred

in a private driveway. In effect the instruction added to defendant's duty to exercise ordinary care the absolute duty imposed upon one operating a vehicle upon a public highway. In instruction 42 relating to the doctrine of sudden peril, the court instructed the jury as follows: "You are instructed that if you find from the evidence plaintiff Gootar was at the time and place set forth in the complaint, suddenly put into a position of imminent danger without having sufficient time to consider all the circumstances, he is to be excused for omitting to take some precaution or for making an unusual choice under such disturbing influences, although if his mind had been clear, he might have done otherwise." The foregoing instruction omitted the necessary qualification that the doctrine of sudden peril is available only to a person who is confronted with such peril without negligence on his own part. Where there is evidence tending to show that such person's sudden peril resulted from his own negligence it is error to give such an instruction without proper qualification. (*Brooks* v. *City of Monterey*, 106 Cal. App. 649 [290 Pac. 540]; *Vedder* v. *Bireley*, 92 Cal. App. 52, 60 [267 Pac. 724].) The main issue in the case was whether plaintiff's injuries resulted from the negligence of the plaintiff or the negligence of the defendant and the giving of the foregoing instructions constituted prejudicial error requiring a reversal of the judgment.

 Appellant complains of other instructions. In instruction 38 appellant takes exception to the use of the word "skill" where the court used the phrase "ordinary care or skill". This instruction was given in the exact language of section 1714 of the Civil Code. This code section may be inaptly drawn, but there was no error in giving the instruction. Instruction 41 is a general instruction on damages frequently given in cases of this kind. It stated the law correctly and we find no merit in the contention that the evidence was insufficient to justify the court in giving it. Instruction 35 was also an instruction on damage relating to predisposition to disease or sickness as a result of the injury. This instruction should not have been given in the absence of expert testimony to show that plaintiff's injuries resulted in such predisposition, but in view of the nature of the injuries and the amount of the

award, we do not believe that the giving of this instruction would in itself require a reversal.

Appellant further complains of prejudicial misconduct resulting from an answer given by respondent while a witness in which he referred to the doctor attending him as "Mr. Levin's insurance company doctor". We deem it unnecessary to discuss the point as it is not likely to occur upon a retrial of the cause.

The judgment is reversed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 20, 1930, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 19, 1931.