[Civ. No. 4175.  Third Appellate District.—April 24, 1931.]

VIOLA MAY BROWN, Appellant, v. W. A. YOCUM, Respondent.

Bond & Dierup for Appellant.

Guy R. Kennedy, Gus L. Baraty, and Hartley F. Peart for Respondent.

MR. JUSTICE Pro Tem. TUTTLE Delivered the Opinion of the Court.—This is an action brought by the plaintiff to recover damages on account of the death of her husband, which occurred in an automobile collision. Verdict and judgment went for defendant, and this appeal is prosecuted therefrom.

A reversal is sought on account of error in giving and refusing certain instructions to the jury.

Plaintiff and her husband were driving their automobile along a road which intersected a main highway and terminated there. As they drove into this highway they started to make a left turn, and in so doing failed to pass around the center of the intersection and "cut the corner". Defendant was approaching along the main highway to the left of plaintiff, and just as the latter emerged from the intersection a collision occurred, which resulted in the death of the husband. The foregoing evidence is undisputed.

At the instance of plaintiff, the jury was instructed upon the doctrine of "last clear chance". At the request of defendant, the court gave three instructions concerning the general law of speed and contributory negligence. Each of these last three instructions concludes with the formula to the effect that if the jury so find they must bring in a verdict for the defendant. In respect to this situation, the contention of appellant is as follows:

"The instruction . . . was presented by the plaintiff and given to the jury in order that they might have an instruction regarding plaintiff's contention that the defendant had the last clear chance to avoid the accident which was one of the theories upon which plaintiff believed that she was entitled to recover. However, the court in giving the . . . three instructions as requested by the defendant caused an absolute conflict in the instructions and the jury were instructed that if they found the facts as stated in any of the said three instructions then their verdict must be against the plaintiff and in favor of the defendant, W. A. Yocum."

█ It is an elemental rule that the court may instruct the jury upon all issues pleaded or otherwise established by the evidence. Inconsistent causes of action or defenses may be alleged and set up, and instructions covering them must necessarily be based upon conflicting and contradictory hypotheses. And so here, the doctrine of last clear chance permits recovery by plaintiff though he be negligent. This was a theory upon which plaintiff relied, and she was entitled to have it submitted to the jury. On the other hand, the defense of contributory negligence was relied upon by defendant, and the jury likewise was entitled to an instruction upon that issue. The jury were told in the three formula instructions that if decedent was negligent plaintiff could not recover. In the instructions upon "last clear chance" the jury were told that if, in addition to evidence of negligence upon the part of deceased, the evidence showed that defendant had the last clear chance to avoid the collision, and failed to do so, the contributory negligence of deceased would not preclude a recovery. Each of the last three instructions is based upon certain facts. If other and additional facts are found to be true, the jury is told that it may reach a different conclusion. We are of the opinion that the jury was not misled, and that the giving of these instructions was proper.

█ Plaintiff requested an instruction to the effect that it is the duty of the driver of a vehicle to drive the same upon the right half of the public highway. The court refused to give it. We are of the opinion that while it would have been better practice for the court to have given this instruction, the failure to do so in this case was not prejudicial.

The testimony of defendant is that he was at all times upon the right side of the road. This is corroborated by the testimony of the traffic officer, who had inspected the marks made upon the highway, and other physical indications. The only testimony which will support an inference to the contrary is that of plaintiff, who testified that when the collision occurred her car was on the right side of the road—her right. It appears from the record that defendant may, immediately prior to the accident, have turned to the left to avoid plaintiffs who were "cutting the corner" and whose movements were uncertain and unlawful. Fur-

thermore, the duty of a driver to keep upon the right side of the road is not something novel to automobile driving. It has been the "law of the road" in this country from time immemorial, and has been so established as a custom as to have practically the same force and effect as if it were always legally enacted. We cannot say, therefore, that prejudice resulted from the refusal to give this instruction.

The court instructed the jury that plaintiff's intestate was negligent if he failed to pass around the center of the intersection in making a left turn. It is claimed that the accident occurred outside the intersection, and therefore the giving of this instruction was error. We do not so regard it. The record shows that the "cutting of the corner" upon the part of the husband may have contributed to his death. If he had made a lawful turn, it is possible that the collision may not have occurred. Defendant had a right to assume that the deceased would obey the law.

An instruction was given at the request of defendant in the following language:

"In your examination for the purpose of determining your fitness to act as jurors in this case, you were questioned concerning your interest in any casualty insurance company. This was merely for the purpose of determining your frame of mind.

"I instruct you that this is a case between Viola May Brown, on the one hand, and W. A. Yocum, on the other. No insurance company is a party to or interested in this action."

It is conceded by appellant that it was proper for the court to instruct the jury that no insurance company was a party to the action. Their objection goes to that part of the instruction which informs the jury that no insurance company is *interested* in the action.

The matter of getting before a jury any fact which conveys information that defendant is insured against loss has received the attention of our courts on many occasions, and it has been uniformly held that where such facts have been placed before the jury purposely and designedly, it is improper and will result in a reversal. (*Pierce* v. *United Gas & Elec. Co.,* 161 Cal. 176 [118 Pac. 700]; *Curtis* v.

*McAuliffe,* 106 Cal. App. 1 [288 Pac. 675, 679].) The reason for this rule, as stated in that case, is that "it is altogether probable that the jury would be inclined to find a verdict against appellant if it were believed he was indemnified, than if it were understood that he was to bear the burden alone". The case should go to the jury upon the theory that there is no insurance involved, and they have no right to speculate as to whether or not defendant was insured. The substance of the argument of appellant here is that if this instruction were not given the jury might possibly believe that defendant was insured and thus be more inclined in favor of appellant. This is contrary to the rule followed by the courts of this state. Assuming that the position of appellant is tenable, we cannot see that any prejudice resulted. The only possible prejudice would be the depriving of the jury of the right to speculate as to whether or not an insurance company was interested. But, as we have pointed out, they have no such right. Our opinion is that the court did not err in giving this instruction.

The refusal to give several "stock instructions" is complained of, but it appears that there were other instructions given which cover the same ground. This is pointed out by respondent, and is not controverted in appellant's closing brief.

The sufficiency of the evidence to support the verdict is not questioned. We have carefully examined the whole record, and are of the opinion that the acts of the court which are attacked on this appeal did not result in a miscarriage of justice.

The judgment is affirmed.