[Civ. No. 2485.   Fourth Appellate District.—November 12, 1940.]

JOHN T. MILLER et al., Appellants, v. GEORGE E. CRANSTON, Respondent.

Miguel Estudillo for Appellants.

Jennings & Belcher and Louis E. Kearney for Respondent.

GRIFFIN, J.—This is an action brought by plaintiffs and appellants to recover damages for personal injuries received by reason of an automobile collision. The case was tried before a court sitting with a jury. The jury returned its unanimous verdict in favor of the defendant and respondent George E. Cranston. The other named defendants sued herein were fictitious. An appropriate judgment conforming to the verdict was entered. A motion for a new trial was denied. Appellants have appealed from the judgment.

On August 5, 1939, at 3 o'clock p. m., respondent was driving his car, accompanied by his wife, in a northerly direction on highway No. 395, Riverside county, which highway was paved and was approximately 30 feet in width with a shoulder of 7½ feet on each side thereof. Appellant John T. Miller, accompanied by his wife, Blanche M. Miller, was driving his car in a southerly direction on the same highway. Both automobiles were approaching an intersection formed by the entry from the east into highway No. 395 of another public highway known as Murrieta Hot Springs road. This road widens and terminates at highway No. 395, forming a "T", and does not proceed across or through it. As appellant John T. Miller drove along the highway No. 395, he intended to make a left turn and proceed in an easterly direction on the Murrieta Hot Springs road. Being apparently uncertain as to whether the intersection in question was the place where he should turn he, upon approaching it, drove his automobile to his right and to the west side of highway No. 395 and stopped his car in order that he might read the direction sign. While he was reading this sign, the right wheels of his automobile were entirely off the pavement and on the

gravel shoulder on the west side of the highway. While in this position, Miller read the direction sign and then started his automobile to make a left turn into the Murrieta Hot Springs road. When Miller commenced this turn he did so without making any observation of the Cranston automobile, which was approaching the intersection in full view from the south.

Respondent Cranston testified that he was about 500 feet from the scene of the accident, driving at about 45 miles per hour, when he first observed the Miller automobile, and at that time the Miller car was approaching slowly from the opposite direction and was approximately 50 feet north of the intersection; that when he was 300 feet from respondents he reduced his speed to 35 miles per hour; that Miller drove his automobile to the intersection and stopped at the west edge of the pavement; that as he, Cranston, neared the intersection at about 25 miles per hour, Miller "abruptly" pulled his automobile across the highway to the east and drove the front wheels of his automobile over the center line of the highway; that Cranston, seeing the sudden maneuver in front of him, and inferring that Miller was going on across the road, swung his car to the left; that Miller then stopped his car about two feet over the center line and in Cranston's pathway; that he, Cranston, applied the brakes of his automobile, which automobile "slid sideways into the car of Mr. Miller".

As to whether he stopped his car suddenly near the center line of highway No. 395, appellant Miller's testimony, as reflected in his deposition, varies from his testimony at the trial, as appears from an excerpt therefrom:

"Q. Let us refer to page 22 of your deposition, and I will ask you if these questions were asked you, and if you did not make these answers . . . 'Q. Not what your car may have done, or rolled, but what do you remember it doing in that regard? A. As I said, I was very intent in watching the other car in its actions, you know, and I was afraid that car was going to sideswipe me, and I believe my car did roll a few feet forward when I released the pressure on the brakes, and I think I did it unconsciously to get even farther away from the white line, fearing a sideswipe from the car, it weaving as it approached me.' Did you make that answer? A. Yes, I did."

■ Viewing the evidence most favorable to respondent, it is obvious from the testimony of both Mr. Cranston and Mr. Miller that the latter committed several negligent and dangerous acts. He commenced a left turn from the far left side of the highway and did so without seeing that the movement could be made in safety, and in the face of an approaching automobile which the jury may have rightfully believed had the right of way, and consequently placed himself in a position of danger. From an examination of the record we are convinced that a finding of negligence on the part of appellant John T. Miller, proximately contributing to the happening of the accident, would be amply supported by the evidence. (Secs. 540, 543, 544 and 551, Vehicle Code; *Leek* v. *Western Union Tel. Co.*, 20 Cal. App. (2d) 374 [66 Pac. (2d) 1232].)

Appellants next complain of ten instructions given at the request of respondent and claim prejudicial error in the refusal of the court to give eight instructions offered by appellants.

■ Respondent's instruction No. 18 embodied all or portions of sections 540, 543, 544, 545, 546, and 551 of the Vehicle Code. Appellants admit that section 551 was properly given to the jury. They contend, however, that the balance of the Vehicle Code sections included in the instruction were inapplicable to the cause and that the instruction therefore was prejudicially erroneous, citing *Gootar* v. *Levin*, 109 Cal. App. 703 [293 Pac. 706]; *Adams* v. *Warren*, 11 Cal. App. (2d) 344 [53 Pac. (2d) 780], and *Zaferis* v. *Bradley*, 28 Cal. App. (2d) 188 [82 Pac. (2d) 70]. We perceive no error. The jury could not have been misled by the instruction as given. The evidence justified the court's action in so instructing the jury. At the conclusion of the instruction the court also properly informed the jury that if plaintiff John T. Miller "violated any of the provisions of the law which I have just read to you, such violation, if any, on his part would be negligence, and if such negligence, if any, proximately contributed to the happening of the accident . . . your verdict must be for the defendant".

■ Appellants next complain of respondent's instruction No. 5, in which is used the words: "The mere fact" that an accident occurred raises no presumption that the defendant Cranston was in anywise negligent or careless or "the mere fact" that an accident did occur does not change or alter the

degree of care required of defendants, contending that by the use of the words "the mere fact", on three occasions in the same instruction the trial court emphasized the defendant's freedom from liability which amounted to an instruction on a question of fact, citing *Sullivan* v. *Market Street Ry. Co.*, 136 Cal. 479 [69 Pac. 143]. Both parties to this action would have been entitled to an instruction to the effect that the mere fact that an accident happened, considered alone, would not support an inference that some party, or any party, to the action was negligent. (*Van Derhoff* v. *Chambon*, 121 Cal. App. 118, 125 [8 Pac. (2d) 925]; *Diamond* v. *Weyerhaeuser*, 178 Cal. 540 [174 Pac. 38].)

In *Hubbert* v. *Aztec Brewing Co.*, 26 Cal. App. (2d) 664, 688 [80 Pac. (2d) 185, 197, 1016], it was held that the "mere fact that an accident has occurred does not of itself result in any inference of negligence as against a defendant".

In *Sullivan* v. *Market Street Ry. Co., supra,* where there was no contributory negligence shown, it was held error in that action to give a similar instruction. The rule there cited is not applicable to the facts in the instant case. This same point was decided by this court adversely to appellants' contention in *Bramble* v. *McEwan,* 40 Cal. App. (2d) 400 [104 Pac. (2d) 1054]. We perceive no prejudicial error in the giving of this instruction. (*Depons* v. *Ariss,* 182 Cal. 485 [188 Pac. 797].)

█ Respondent's instruction No. 20 was as follows: "In your examination for the purpose of determining your fitness to act as jurors in this case, you were questioned (by counsel for plaintiffs) concerning your interest in any casualty insurance company. This was merely for the purpose of determining your frame of mind. I instruct you that this is a case between John T. Miller and Blanche M. Miller on the one hand, and George E. Cranston on the other, No insurance company is a party to or interested in this action." Appellants agree that no insurance company was a party to the action and that in this respect the instruction was correct, but complain of the added statement that no insurance company was "interested" in the action because the evidence did not disclose whether such a company was or was not interested in the case, and argue that plaintiffs had the right to go to the jury free from an instruction which told them that no insurance company was interested. Except as to the names of the parties litigant, the instruction in question is

identical with that given in the case of *Brown* v. *Yocum,* 113 Cal. App. 621 [298 Pac. 845]. In that case, upon the same argument now made by appellants, the court affirmed a judgment for the defendants.

In *Elmore* v. *County of Lassen,* 10 Cal. App. (2d) 229 [51 Pac. (2d) 481], where the defendant asked for an instruction to the effect that no insurance company was a party to or interested in the action, the court struck out the words ''or interested in'', and as so modified, gave the instruction. The appellate court upheld the trial court's action upon the ground that there was no evidence that any insurance company was or was not interested in the case. While a trial court might be justified in striking that portion complained of in certain cases, the last cited case does not change the rule laid down in *Brown* v. *Yocum, supra,* which held directly that it was not error to give it under the facts related. It therefore cannot be held to have been given erroneously in the instant case.

■ Respondent's instruction No. 3 instructs the jury that negligence on the part of the defendant is of no consequence unless it was a proximate cause of the accident. Appellants admit that it is a proper instruction but complain that the instruction is ''onesided'' and should state that negligence on the part of either the plaintiffs or the defendant is of no consequence unless the proximate cause of the accident, citing *Griffith* v. *Oak Ridge Oil Co.,* 190 Cal. 389, 392 [212 Pac. 913]. In reply respondent maintains that he is ''under no burden to prepare plaintiffs' instructions'', and regardless of the fact that ''it normally will be assumed that the plaintiffs themselves will request any proper instructions which they may deem essential to their case'', that the court in its instructions made it plain to the jury that contributory negligence would not bar a recovery by the plaintiffs unless it was a contributing cause of the accident, and quoted plaintiffs' instruction No. 32, which is to that effect. There is no merit to appellants' contention.

Appellants' objections to respondent's instructions No. 6 and No. 7 have been examined carefully and we likewise find no merit to the objections.

■ Respondent's instruction No. 13, to the effect that ''whether or not you may find from the evidence that the plaintiff Miller at the time he drove into the intersection had the right of way, I instruct you that the plaintiff Miller

was required to proceed while in the intersection in a careful and prudent manner . . . '' and ''If you should find from the evidence that the plaintiff Miller failed to exercise such care and prudence, even though he originally may have had the right of way across the intersection, and that such negligence, if any, proximately contributed in any degree, however slight, to the happening of the accident, then your verdict must be for the defendant'' was given. Appellants claim that the evidence shows that Miller was in the intersection while Cranston was 300 feet away and that the court should have instructed the jury that Miller had the right of way as a matter of law, citing *Osgood* v. *City of San Diego,* 17 Cal. App. (2d) 345, 350 [62 Pac. (2d) 195]; *Lee* v. *Stephens,* 8 Cal. App. (2d) 650 [47 Pac. (2d) 1105]; *Couchman* v. *Snelling,* 111 Cal. App. 192 [295 Pac. 845]; and *Page* v. *Mazzei,* 213 Cal. 644 [3 Pac. (2d) 11]. The instruction given was fully justified under the evidence and the holding in *Donat v. Dillon,* 192 Cal. 426, 429 [221 Pac. 193].

Respondent's instruction No. 14, on the ''imminent peril rule'' was given. Appellants contend, among other things, that under the evidence the rule was not applicable, because respondent was not without negligence on his part, citing *Carnahan* v. *Motor Transit Co.,* 65 Cal. App. 402, 411–12 [224 Pac. 143]. Appellants further claim that they were entitled to a similar instruction. The court properly instructed the jury on the doctrine of imminent peril and left the application of the doctrine to the jury under evidence which, if believed by it, was sufficient to support the rule. (*Cusick* v. *Boyne,* 1 Cal. App. 643, 646 [82 Pac. 985]; *Baddeley* v. *Shea,* 114 Cal. 1, 6 [45 Pac. 990, 55 Am. St. Rep. 56, 33 L. R. A. 747]. Appellants did not request a similar instruction. The court was therefore absolved of the duty of giving such instruction, even if applicable. (*Bramble* v. *McEwan, supra; Scandalis* v. *Jenny,* 132 Cal. App. 307, 313 [22 Pac. (2d) 545].)

Respondent's instruction No. 15 reads: ''If you should find that the situation in which the plaintiff John T. Miller found himself before attempting to make the left turn was such as would have impelled a reasonable and prudent person under the same or similar circumstances to stop and wait for approaching traffic to pass before attempting to cross the center of the highway, then I instruct you that

it would have been negligence for the plaintiff John T. Miller to cross the center of the highway in such a situation.'' Appellants' complaint is that this is an instruction upon a fact and that there is no evidence to support or justify the inference therein made that Miller found himself in a situation which would impel him as a reasonable and prudent person to wait for approaching traffic to pass, based on the theory that the evidence showed that Miller's car was standing still when struck. The trial court left to the jury the question whether the facts set forth were established. The evidence supports a foundation for the instruction. On the authority of *Baddeley* v. *Shea, supra; Cusick* v. *Boyne, supra;* and *Nilson* v. *Oakland Traction Co.,* 10 Cal. App. 103 [101 Pac. 413], no error appears.

Respondent's instruction No. 21, after correctly defining contributory negligence and proximate cause, added that ''the only circumstance under which you may find in favor of the plaintiffs is in the event, and only in the event, you find that the accident proximately resulted from negligence, if any, of the defendant George E. Cranston, *and his negligence alone''*. (Italics ours.) Appellants argue that the law does not require the negligence of the defendant to be the sole cause of the injuries in order for plaintiffs to recover, and cite *Griffith* v. *Oak Ridge Oil Co., supra.* The case cited completely answers appellants' argument, although it is stated therein that ''The law does not require that negligence of the defendant must be the sole cause of the injury complained of in order to entitle the plaintiff to damages therefor. All that is required in either respect is that the negligence in question shall be *a* proximate cause of the injury complained of . . . '' In affirming the judgment in that case it should be noted in reference to the instruction therein considered, as in the instant case, the language quoted was but a small portion of a long general instruction given on the subject of negligence and contributory negligence which first defined negligence and then correctly set forth the rules as to the burden of proof of negligence and contributory negligence. Then followed the portion above quoted. If the jurors could have had any doubt, after reading that instruction concerning the rule, that doubt must have been dispelled by the many additional instructions given them upon the subject of negligence and contributory negligence in several

of which the jurors were told, in effect, that "if you find from the evidence that both the plaintiff John T. Miller and the defendant George E. Cranston were negligent and that the negligence, if any, of both of said parties proximately contributed to the happening of the accident, then your verdict must be for the defendant George E. Cranston". Under the authorities cited the error complained of, if any, was not prejudicial.

Appellants' proffered instructions No. 6 and No. 7, which the court refused to give, involved the right of way rule at an intersection, which was sufficiently covered by other instructions given.

Appellants' proffered instruction No. 8 was sufficiently covered by respondent's instruction No. 13 as given.

Appellants' instruction No. 10 purports to apply the *"res ipsa loquitur"* rule to the case. They cite *Irwin* v. *Pickwick Stages System, Inc.*, 134 Cal. App. 443 [25 Pac. (2d) 998]; *Finnegan* v. *Giffen*, 89 Cal. App. 702 [265 Pac. 496]; *Ellis* v. *Jewett*, 18 Cal. App. (2d) 629 [64 Pac. (2d) 432]; *Bauhofer* v. *Crawford*, 16 Cal. App. 676 [117 Pac. 931]; and *Roller* v. *Daleys, Incorporated*, 219 Cal. 542 [28 Pac. (2d) 345]. Under the facts of the instant case the court was justified in refusing to give the proffered instruction on the doctrine of *res ipsa loquitur*. (*Keller* v. *Cushman*, 104 Cal. App. 186, 189 [285 Pac. 399]; *Curry* v. *Williams*, 109 Cal. App. 649, 652 [293 Pac. 623].) In this case the circumstances of the accident were fully explained by a number of witnesses and there was no reason for the application of the doctrine. (*Bramble* v. *McEwan, supra*, p. 476; *Bailey* v. *Wilson*, 16 Cal. App. (2d) 645 [61 Pac. (2d) 68]; *Girdner* v. *Union Oil Co.*, 216 Cal. 197 [13 Pac. (2d) 915].)

Appellants' proffered instruction No. 14, to the effect that Miller had the right to assume that Cranston would so operate the automobile he was driving as to permit the plaintiff, exercising ordinary care, to proceed without his life, limb or property being in danger, was refused. This instruction was sufficiently covered by appellants' instruction No. 25 as given. That instruction states the rule correctly and applies it to both parties.

Appellants' proffered instruction No. 24 in reference to the compensation that might have been awarded to the plaintiffs for physical and mental pain and suffering was

sufficiently covered by appellants' instruction No. 35, which was given. Although there was some variance between the two instructions as to the elements of damage, in view of the verdict of the jury on the question of liability being resolved in favor of the defendant, appellants are not prejudiced.

Appellants' proffered instruction No. 26 was sufficiently covered by respondent's instruction No. 2 on the question of the credibility of witnesses.

Appellants' proffered instruction No. 28 contained matters which were fully covered by other instructions that were given bearing on the question of the right of way, and in addition thereto contained the following erroneous and confusing statement of law: "If you find that the defendant Cranston did not operate his car as was incumbent upon him to do under the circumstances, that his failure to so operate his car with the care required of him at that time constituted negligence on his part, and that such negligence was the proximate cause of the plaintiffs' injuries." For the reasons already expressed, the instruction as offered was properly refused.

Appellants next complain of certain alleged errors of law claimed to have been committed by the trial judge in admitting certain evidence objected to by the appellants. A portion of that evidence bore on a question propounded to Mrs. Cranston as to whether she was rendered unconscious as a result of the accident. Many reasons could be assigned why the evidence was admissible, one of which would be to account for the reason Mr. Cranston did not immediately go to the aid of appellants but chose to remain and render aid to his wife, which issue had been previously brought out by appellants.

There are other claimed errors bearing on certain questions asked and answers that were given by witnesses which it is argued were self-serving, not responsive, not proper cross-examination, incompetent, immaterial, leading and unintelligible and that the witnesses were not qualified to answer certain questions propounded relative to the speed of the car. Without setting forth the questions and answers in full, suffice it to say, we have carefully examined the record and find no prejudicial error in the rulings of the court.

Finally, it is argued that the trial court, after considering all of the claimed errors above specified, erroneously

denied appellants' motion for a new trial. Even if it be assumed that respondent was guilty of negligence, the evidence would support a finding that appellant driver was guilty of contributory negligence. In view of the conclusions here reached, the trial court was fully justified in denying to appellants a new trial.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.