## REDFEARN v. McKELVEY.

No. 101351.

Small Claims Court, Dade County.

January 27, 1965.

Ronald L. Napier, Wicker, Smith, Blomqvist, Hinckley & Davant, Miami, for plaintiff.

Robert Golden, Engelhard, Cheren & Golden, Miami, for defendant.

SIDNEY L. SEGALL, Judge.

Judgment is rendered for the defendant on plaintiff's claim. Judgment is rendered for the defendant-counterplaintiff against plantiff-counterdefendant for $215.94, and $7.50 costs. The parties stipulated as to the amount of damages.

The evidence is legally insufficient to establish liability under the material allegations of plaintiff's claim. Plaintiff failed to carry his legal burden of proof, the allegations of his claim have not been sustained by a preponderance of the evidence.

The evidence is legally sufficient to establish liability under the material allegations of defendant's counterclaim. The evidence shows that the counterdefendant failed to yield the right of way and struck the counterplaintiff's vehicle while it was being driven on a proper driving lane of Shell's customer parking lot. The weight of the credible evidence compels a finding that the counterdefendant failed to exercise the degree of driving care required of a safe and prudent driver under the factual circumstances herein.

The abovementioned findings of fact have been made on the basis of a well established rule of the road applicable to drivers of vehicles on public streets or highways.

It has always been customary for a driver of a vehicle approaching an unmarked intersection of a public street to yield the right of way to the driver of the vehicle approaching such intersection on the right. This is similar to the universal custom of operating vehicles on the right side of the road whether they are traveling on a public road or a private road. See Sills v. Forbes, 33 Cal. App. 2d 219, 91 P. 2d 246.

The duty of a driver to keep on the right side of the road has been so established as a custom as to have the same effect as if it were the law. See Brown v. Yocum, 113 Cal. App. 621, 298 P. 845. The custom itself has established a standard of due or reasonable care to which all drivers are required to conform.

The same standard of driving care should be applicable to drivers of vehicles on a privately owned supermarket customer parking area. See Altamore v. Hunt, 224 P. 2d 904, which is analogous in principle and controlling here. To the same effect: Kern v. Autman, 177 A. 2d 525.

On the basis of the foregoing findings of fact and principles of law, the counterdefendant was negligent, and his negligence was the sole proximate cause of the resulting collision and damages sustained by the counterplaintiff.