[No. 68.    First Appellate District.—September 23, 1905.]

## J. M. CUSICK, Respondent, v. ELIZABETH BOYNE, Appellant.

ASSUMPSIT FOR LEGAL SERVICES—SUFFICIENCY OF COMPLAINT—IMPLIED PROMISE—AVERMENT NOT REQUIRED.—A complaint in *assumpsit* for legal services which alleges that the legal services were performed at the special instance and request of the defendant, and states what they were reasonably worth, is not demurrable for not alleging that defendant promised to pay what the services were reasonably worth. It is never necessary to allege a promise where the law implies one.

ID.—SERVICES OF ATTORNEY—ABSENCE OF AGREEMENT AS TO PAYMENT—RECOVERY OF REASONABLE VALUE.—When an attorney per-

forms services for another, at his instance and request, nothing being said as to payment, the attorney is entitled to recover the reasonable value of his services.

ID.—EVIDENCE—VALUE OF SERVICES—LITIGATION—SECURING LIFE ESTATE—MONTHLY RENTAL—MORTALITY TABLE—EXPECTANCY OF LIFE. —It is always competent in a controversy as to the value of legal services, to prove the nature of the litigation and the amount involved; and where it is shown that, as the result of the litigation, a life estate was secured, evidence is admissible to show its monthly rental, and to show by the tables of mortality the average expectancy of life of a person of the age of the defendant at the time when the litigation was terminated, as a circumstance tending to show the value of the legal services.

ID.—PRESUMPTION OF AVERAGE HEALTH AND STRENGTH—BURDEN OF PROOF.—The defendant is presumed to be of the average condition of health and strength of other persons of the same age, and the plaintiff was not required in the first instance to prove that fact, before proving the tables of mortality; but if for any reason the health of defendant was such that she would be taken out of the general rule, it was incumbent upon her to prove it.

ID.—STATED ACCOUNT—PROPER INSTRUCTION—HYPOTHETICAL STATEMENT OF FACTS.—Where there was evidence in the case tending to support it, the court properly instructed the jury that if they should find from the evidence that a statement of account was remitted by plaintiff to the defendant at time stated, and that its items were then fully explained by plaintiff, and that more than three months elapsed without any objection being made by the defendant, the account became an account stated, the items of which were no longer open to inquiry in the absence of allegation and proof of fraud or mistake. Such instruction is not on any matter of fact, but properly submits a hypothetical statement of facts, upon which the law is stated as applicable thereto.

ID.—SPECIAL CONTRACT—MATTER OF DEFENSE—INSTRUCTIONS AS TO BURDEN OF PROOF.—Where the defendant pleaded a special contract that if plaintiff was successful in the action he was to be paid what his services were reasonably worth, but if he failed he was to make no charge and receive no compensation, the court properly instructed the jury that the burden was on the defendant to prove the special contract alleged, and that unless she established it by a preponderance of evidence, her defense founded upon such special contract would fail entirely. If the evidence were evenly balanced as to such special agreement, it would not take the case out of the rule that valuable services performed for defendant by plaintiff at defendant's request must ordinarily be paid for.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

Charles G. Nagle, for Appellant.

R. Percy Wright, for Respondent.

COOPER, J.—This action was brought for legal services rendered by plaintiff's assignor, as attorney at law, for defendant, at her special instance and request, between the second day of January and the twelfth day of September, 1901.

The case was tried with a jury, and a verdict rendered for plaintiff in the sum of nine hundred dollars.

Defendant made a motion for a new trial, which was denied, and she brings this appeal from the judgment and order denying her motion.

There is sufficient evidence to sustain the verdict, and no question is made in that regard. Defendant urges certain alleged errors which occurred during the trial, of which we will notice those deemed most plausible.

The complaint alleges that the legal services were performed at the special instance and request of defendant, and that such services were reasonably worth the sum of one thousand dollars. It is claimed that the defendant's demurrer to the complaint should have been sustained because there is no allegation that defendant agreed to pay what the services were reasonably worth. If defendant's contention is correct, it would introduce a new departure from the long-settled rules of pleading. It is never necessary to allege a promise where the law implies one. To illustrate, suppose the defendant made no promise, as such, but went to the attorney and asked him to perform services for her, and he did so at her request; that such services were of the reasonable value of one thousand dollars; is the attorney without a remedy because appellant did not say, "I will pay you"?

In all cases where one performs services for another at his instance and request the law implies a promise to pay.

When an attorney performs services for another at his instance and request, nothing being said as to payment, the attorney is entitled to recover the reasonable value of his services.

As a circumstance tending to show the value of the services, plaintiff proved the value of the real estate in controversy in the matter concerning which the attorney was employed, the monthly rental thereof, and that a life estate was secured to appellant, by way of compromise, as the result of the legal services. It is always competent, in a controversy as to the value of legal services, to prove the nature of the litigation and the amount involved. Plaintiff, under the objection of defendant, was allowed to prove by the witness Stearns, with the aid of the tables of mortality in use in the United States, the average expectancy of life of a person sixty years of age, that being the age of defendant at the time the litigation was terminated. The objection was that the plaintiff did not first prove that defendant was in a sound condition of health. The objection is without merit. The witness testified that the mortality tables are based on the average life of all persons at given ages without regard to the condition of their health. The law presumes that a person of sixty years of age is in the average condition of health and strength of other persons of that age. If for any reason the health of defendant was such that she would be taken out of the general rule, it was incumbent upon her to prove it; and besides, the matter was not vital, and was only in regard to a circumstance or fact tending to show the value of the legal services.

The court instructed the jury in substance that if they should find from the evidence that a statement of account was rendered to defendant on September 12, 1901, and that the items thereof were explained to her, and that more than three months elapsed after said date without any objection being made by the defendant, the account became an account stated the items of which were no longer open to inquiry in the absence of allegation and proof of fraud or mistake. It is not claimed that there was no evidence upon which to predicate the instruction, nor that the proposition of law therein stated is not correct, but that the instruction violates the constitution as being a charge in respect to a matter of fact. We do not think that the instruction contains a charge as to a matter of fact. The facts were left to the jury, the court merely telling them that if they found certain facts, the law was as stated. It has always been the practice for trial courts in this state to submit a certain hypothetical statement of

fact, concerning which there is a conflict, to the jury, and tell them that if they find the facts as stated, the law is as stated by the court when applied to such facts.

For example, in actions for malicious prosecution, the court, in charging the jury, will tell them that if they find certain facts, such facts do or do not amount to probable cause, as the case may be. The court in the instruction complained of did not even intimate that the evidence sustained any fact or proposition, but left it to the jury to find from the evidence as to the facts.

Defendant, as a defense to the action, alleged in her answer a special contract, to the effect that the attorney, at the time of his employment, agreed that if he was successful in the said action he was to be paid what his services were reasonably worth, but if he failed in said action he was to make no charge and receive no compensation for his services. The court instructed the jury, "that the burden of proving that there was such a special contract rests upon the defendant Elizabeth Boyne, and unless she establishes it by a preponderance of evidence, her defense founded upon such special contract fails entirely."

The portion of the instruction quoted is complained of as not being a correct proposition of law. The court had elsewhere instructed the jury that the plaintiff must make out her case by a preponderance of evidence. Therefore the instruction applied to the special contract alleged. If an agreement was made that under certain circumstances no charge was to be made for services, the burden was upon defendant to prove it. In other words, the plaintiff, having proved that the services were performed at the request of the defendant, and the reasonable value thereof, would be entitled to recover; but, defendant says, an agreement was made taking the case out of the ordinary rule. The court merely said the burden was upon defendant to prove such special agreement. The burden certainly was not upon plaintiff to prove it. It was no part of plaintiff's case. If the evidence were evenly balanced as to such special agreement, it would not take the case out of the rule that valuable services performed for another at her request must ordinarily be paid for.

It is sufficient, as to other instructions complained of, to say that we have examined them and find no error that would

justify a reversal of the case. The parties were before the trial court with a jury. The trial seems to have been fair, and the law carefully stated in the instruction of the learned judge. The decision as to facts on conflicting testimony is final here.

The judgment and order are affirmed.

Harrison, P. J., and Hall, J., concurred.