[Civ. No. 10668. Second Appellate District, Division Two.—January 28, 1936.]

VICTOR A. BERRY, Respondent, v. MAYWOOD MUTUAL WATER COMPANY NUMBER ONE (a Corporation), Appellant.

H. W. Shaw for Appellant.

Victor A. Berry, *in pro. per.*, for Respondent.

WOOD, J.—Plaintiff, an attorney at law, recovered a judgment against defendant following a jury verdict, based upon his complaint for the reasonable value of services rendered. Defendant answered that plaintiff had been fully paid and interposed the defense that plaintiff's services were rendered pursuant to a contract, the terms of which had been complied with by defendant. The evidence was conflicting, that of defendant being ample to support a verdict in its favor if such had been returned.

In its general instructions the trial court instructed the jury: "In civil cases a preponderance of evidence is all that is required, that is, such evidence as, when weighed with that opposed to it, has more convincing force, and from which it results that the greater probability is in favor of the party upon whom the burden rests." At the request of plaintiff the court instructed the jury as follows: "The Court instructs the jury that where a plaintiff sues to recover attorney fees for services already performed, and the defendant corporation interposes the special defense of a special contract with the attorney plaintiff, the burden of proof of said alleged contract is on the defendant, and such defendant's proof must be clear and unequivocal, and if it is not so then the plaintiff is entitled to recover for the reasonable value of his services."

The word "unequivocal" is given the following definition in Standard dictionary: "Capable of being understood in only one way." In 65 Corpus Juris we find: "The term (unequivocal) is defined to mean, among other things, clearly

demonstrated, free from uncertainty, or without doubt. When used with reference to the burden of proof it implies proof of the highest possible character, and imports proof of the nature of mathematical certainty.'' In *Merrick* v. *Ditzler*, 91 Ohio St. 256 [110 N. E. 493], this language is used: ''The term 'unequivocal' is defined to mean among other things, 'without doubt', 'clearly demonstrated', 'free from uncertainty'. It implies proof of the highest possible character, equaling, if not exceeding, the proof required of the state in a criminal proceeding. It imports proof of the nature of mathematical certainty—something that in human affairs is all but impossible to obtain.''

By giving the last instruction quoted the trial court placed an undue burden upon defendant. The instruction was clearly erroneous and, under the circumstances shown in evidence, prejudicial to defendant's rights. The only burden upon defendant was to establish the special defense by a mere preponderance of the evidence. (*Cusick* v. *Boyne*, 1 Cal. App. 643 [82 Pac. 985].)

The judgment is reversed.

Crail, P. J., and Gould, J., *pro tem.*, concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 26, 1936.