[Civ. No. 25545.   Second Dist., Div. Two.   Aug. 15, 1961.]

FRANCIS GRAHAM HOLLISTER et al., Respondents, v. JOHN JAMES HOLLISTER, Defendant; ATWELL WESTWICK, Appellant.

Schauer, Ryon & McIntyre and Robert W. McIntyre for Appellant.

Chickering & Gregory and Madden & McCarry for Respondents.

FOX, P. J.—This action was originally commenced by the plaintiffs, who are beneficiaries under the Jeanie H. Hale *inter vivos* trust of June 5, 1932, to remove defendant, also a beneficiary under said trust, from the office of trustee. Defendant employed the firm of Schauer, Ryon & McIntyre to represent him in this case, which came on for trial on November 9, 1960. It became obvious to all parties that defendant, who was a man 90 years of age and who has since passed away, was unable to withstand the strain of a trial. As a consequence, the parties entered into a settlement which resulted in defendant's resigning as trustee; his nomination, subject to court approval, of Atwell Westwick as his successor trustee; the entry of a stipulated judgment[1] dated November 28, 1960, approving, *inter alia*, the resignation of defendant as trustee of said trust, and the approval of Westwick as successor trustee.[2] As a part of these proceedings plaintiffs withdrew certain allegations in their pleadings wherein they charged defendant with mismanagement of the trust property, and that, by reason of his advanced age, he was unable to discharge the responsibilities involved.[3]

On February 1, 1961, Westwick filed his petition for approval of his resignation as trustee of said estate, his final

[1]It was further stipulated that said judgment, upon being entered, would be final, and that the respective parties waived the right to move for a new trial and the right of appeal.

[2]The parties stipulated that Westwick, as such trustee, had the right to employ his own counsel, and agreed that the fees and expenses of any such employment by him as such trustee should be charged against the trust estate and paid therefrom.

[3]Plaintiffs, however, did not withdraw their conclusory allegation that "he [defendant] placed himself in a position in which his own individual interest conflicted with and now conflicts with his duties as trustee of said trust."

accounting as such trustee, his request for allowance of attorneys' fees, nominated Joe D. Paxton as his successor trustee, and requested approval of said nomination. Westwick had employed the firm of Schauer, Ryon and McIntyre as his attorneys to prepare and present this petition. Plaintiffs objected to the portion of the petition which sought an allowance of attorneys' fees for its preparation and presentation by Schauer, Ryon & McIntyre. Defendant, who had a 4/7ths life beneficial interest in the trust, filed his consent to the granting of the petition. Following argument, the court granted Westwick's petition in all respects except that it denied any allowance of attorneys' fees for preparation and presentation of his petition and accounting and for other services. Westwick has appealed from the portion of the order disallowing his application for counsel fees.

The basis of plaintiffs' objection to Westwick's petition for allowance of attorneys' fees is that it was improper for him to have employed the firm of Schauer, Ryon & McIntyre ''because such employment created a conflicting representation,'' for the reason that this firm had represented, and continued to represent, the defendant, the former trustee in this matter, and that in the event Westwick, as trustee of the Hale trust, commenced an action against the defendant as trustee of the voting trust mentioned in the pleadings in this action, to dissolve said voting trust, there would have been conflicting representation in that the firm of Schauer, Ryon & McIntyre would have confidential information obtained from the defendant in the course of their representation of him in the above entitled action; counsel for petitioners contended that defendant should be required to pay the attorneys' fees incurred by Westwick. No evidence other than the files in this case was offered in support of plaintiffs' contention.

It will be recalled (footnote 2) it had been stipulated at the time Westwick was appointed trustee that he had the right to employ counsel and, in the event of such employment, the compensation therefor and expenses incident thereto would be a charge against the trust estate and paid out of it. There can, therefore, be no question about the legal right of Trustee Westwick to employ counsel for the preparation and presentation of his petition and his accounting and for the purpose of giving him necessary legal advice in the administration of the trust estate. Likewise, the prima facie liability of the trust estate to pay such legal fees and expenses is also established. The burden was therefore upon the plaintiffs to over-

come the prima facie showing that Westwick had made for the allowance of his counsel fees. (See *Cusick* v. *Boyne,* 1 Cal.App. 643, 647 [82 P. 985] ; 6 Cal.Jur.2d, Attorneys at Law, § 203.) Plaintiffs did not present any evidence, either oral or documentary, in support of their challenge. They rely wholly upon the files in this action. Plaintiffs have failed to file any brief in this court[4] and have therefore failed to draw our attention to any particular document which supports their contention. Our examination of the record fails to reveal any documents in support of the objections made by counsel for plaintiffs. It does not appear that this firm drew the voting trust, to which reference is made, nor that they advised defendant in respect thereto, nor does it appear that they had any confidential information relative to said voting trust.

Counsel for plaintiffs suggest that in the event Westwick, as trustee of the Hale trust, had commenced an action against defendant as trustee of the voting trust to dissolve said voting trust, there would have been "conflicting representation" in that Schauer, Ryon & McIntyre would have confidential information obtained from defendant in the course of their representation of him in this action. The answer to this suggestion is twofold: in the first place, Trustee Westwick did not bring any such action, hence the question of any possible conflict of interest did not in fact arise; in the second place, defendant's consenting to the allowance of counsel fees for legal services rendered by Schauer, Ryon & McIntyre to Westwick during the time he was trustee indicates that defendant

---

[4]Plaintiffs have filed with this court a letter, a little more than one page in length, challenging one factual statement in appellant's opening brief. They also comment on the possibility that the court-appointed trustee could, in their opinion, bring an action to set aside a voting trust created by defendant. Also, they assert, but without any supporting citation to the record, that "at the time the firm of Schauer, Ryon & McIntyre appeared as attorneys for the court-appointed trustee, they were the attorneys of record for the former trustee [apparently referring to the defendant herein] whose acts were the subject of the action brought by plaintiffs."

The record does not appear to warrant this assertion nor the criticism inherent therein, for Westwick did not become trustee until his nomination was approved by the court in its judgment of November 28, 1960. By that same judgment the defendant ceased to be a trustee of the trust here in question. That judgment, by stipulation of the parties, was final. The files herein do not disclose that Schauer, Ryon & McIntyre thereafter represented the defendant in this proceeding. They obviously did not become counsel for Trustee Westwick until after the judgment of November 28, 1960, which confirmed his appointment. Clearly their representation of the defendant herein was concluded prior to their undertaking to represent Westwick.

had no objection to their representing him. There does not appear to be any factual support, by inference or otherwise, that the firm of Schauer, Ryon & McIntyre, in accepting employment from Trustee Westwick, took a position adverse to defendant in any matter in reference to which they had obtained confidential information without the consent of defendant. We fail, therefore, to find any evidentiary support for the theory that the employment of said firm by Trustee Westwick put counsel in the position of representing conflicting interests. It follows that the court erred in not awarding Trustee Westwick attorneys' fees in this matter.

The portion of the order appealed from is reversed with directions to award appellant such attorneys' fees as are reasonable for the services rendered him in the administration of the trust and in preparation of his accounting and presentation of his petition in the trial court, and reasonable fees for prosecuting this appeal.

Ashburn, J., and Herndon, J., concurred.