[S. F. No. 668.  Department One.—March 31, 1898.]

## MARY McDONNELL, Respondent, v. PESCADERO AND SAN MATEO STAGE COMPANY et al., Appellants.

NEW TRIAL—MISCONDUCT OF JURY—CHANCE VERDICT.—On a motion for a new trial in an action to recover damages for personal injuries, a *prima facie* showing that a verdict in favor of the plaintiff was arrived at by a resort to chance is made by an affidavit of defendant's counsel, based upon information from several of the jurors not named, who declined to make affidavit thereto, that the jurymen agreed to be governed by the quotient arising from the addition of each juror's estimate of the damages, and dividing the total by twelve, and the quotient being fractional, they then, without further deliberation, adopted and inserted an even sum, in connection with further affidavits showing the finding of slips of paper in the jury-room indicating such addition and division.

ID.—REBUTTING AFFIDAVITS OF JURORS.—The *prima facie* showing thus made is overcome by the counter-affidavits of two of the jurors in support of the verdict, showing that there was in fact no agreement to be governed by the addition and division made, after the balloting, but that it was done merely to ascertain the average, and was not to control the minds of the jurors nor to forestall their ultimate conclusion, and was merely a basis from which to work in their effort to reach a verdict, and that the verdict finally reached was found only after consultation and deliberation, and not in accordance with any previous agreement; and the trial judge was justified in accepting their statements under oath, against those of jurymen who were unwilling either to state the facts under oath, or to allow their identity to be disclosed.

APPEAL from the judgment of the Superior Court of San Mateo County and from an order denying a new trial.  George H. Buck, Judge.

The facts are stated in the opinion.    . . .

George C. Ross, for Appellants.

The verdict reached as the result of the addition and division was a chance verdict within the prohibition of subdivision 2 of section 657 of the Code of Civil Procedure.  (*Dixon v. Pluns*, 98 Cal. 384; 35 Am. St. Rep. 180; *Flood v. McClure* (Idaho, 1893), 32 Pac. Rep. 254; *Gordon v. Trevarthan*, 13 Mont. 387; 40 Am. St. Rep. 452; *Goodman v. Cody*, 1 Wash. Ter. 329; 34 Am. Rep. 808.)    The change of the figures to an

even sum did not cure the vice of the method. (*Williams v. State*, 15 Lea, 129; 54 Am. Rep. 404.)

P. J. Mogan, for Respondent.

The affidavits for defendants were based on hearsay and were incompetent and immaterial. (*Hoare v. Hindley*, 49 Cal. 275; *Benjamin v. Stewart*, 61 Cal. 605.) The statements of jurors are not admissible to impeach the verdict (*Wilson v. Berryman*, 5 Cal. 46; 63 Am. Dec. 78; *People v. Baker*, 1 Cal. 405; *Polhemus v. Heiman*, 50 Cal. 438; *Clark v. His Creditors*, 57 Cal. 639); though the affidavits of jurors are admissible in support of the verdict. (*People v. Hunt*, 59 Cal. 430.) It is not a resort to chance, to resort to average, without any agreement to be bound thereby. (*Wilson v. Berryman, supra; Turner v. Tuolumne etc. Co.*, 25 Cal. 399; *Boyce v. California Stage Co.*, 25 Cal. 473; *Donner v. Palmer*, 23 Cal. 47; *Levy v. Brannan*, 39 Cal. 489; *Hunt v. Elliott*, 77 Cal. 588.)

CHIPMAN, C.—Action for personal injury resulting from the capsizing of a stagecoach in which plaintiff was a passenger. Trial by jury and verdict in favor of plaintiff for $2,000. Judgment was entered accordingly, with costs taxed at $121. At the hearing of defendants' motion for a new trial, the court made an order that if plaintiff would accept $1,621 in full settlement of the judgment the motion for new trial would be denied, otherwise it would be granted. Plaintiff gave notice of acceptance, and the motion was denied. From the judgment and order denying new trial this appeal is prosecuted by bill of exceptions.

The only question presented relates to the alleged misconduct of the jury in arriving at a verdict. In support of defendants' motion their counsel made affidavit on information and belief, in which it is stated that the jurymen agreed to be governed by the quotient resulting from the addition of each juror's estimate of the damage, and dividing the total sum by twelve; that this quotient was $1,891⅔; that when it was found that the quotient was not a round sum "it was suggested that it would be better, under their previous agreement, to insert an even sum, to wit, $2,000, as the verdict instead of such quotient, which suggestion was, without further consideration or discussion of the case, adopted and a verdict so rendered";

that all the jurors were induced to assent to the verdict rendered in the manner above stated; "that all the jurors agreed to said proposition, and agreed to accept and abide by the result so obtained as the verdict in said action; . . . . that six of the jurors in said action did not believe said quotient, or said sum of $2,000, to be the proper sum to be awarded the plaintiff; but did think said sum too large, and said jurors assented to said verdict solely by reason of having agreed to accept and abide by the result to be obtained, and which was determined as hereinbefore stated; . . . . that several of the jurors in said cause have admitted and stated to deponent that the facts as hereinbefore set forth were and are substantially true"; but declined to make affidavit thereof. The names of these jurors are not given. Some affidavits were made as to the finding of slips of paper in the juryroom, showing tables of figures apparently bearing out the statement that the jury added up twelve different sums and divided the result by twelve, and showing a quotient of $1,891⅔. Respondent filed two counter-affidavits made by persons who were jurymen. Their statement is: "That during the deliberations of said jury one of the jurors suggested that a ballot be taken and each juror place upon said ballot the amount he thought proper; that after said ballots were deposited with the foreman of the jury the amounts were read off, taken down, and divided by twelve for the purpose of ascertaining the average; that such average was $1,891⅔, that after ascertaining said average amount the jurors could not and would not adopt it as their verdict, but, after further debate, consultation, and deliberation, the jury unanimously agreed to and did render a verdict for plaintiff for the sum of two thousand dollars. That at and before taking said ballot there was no agreement between the jurors that they, or any of them, should be bound by adopting the average, as set forth in the affidavit of George C. Ross, Esq., or at all." The affidavits further declare that the verdict was adopted after finding the average amount balloted for, "only after consultation and deliberation, . . . . and not in accordance with any agreement previous or otherwise."

If we were at liberty to accept the affidavit of defendants' counsel and reject the affidavits of the two jurymen in support of the verdict, we would unhesitatingly decide that the verdict was

reached by such a "resort to the determination of chance" as would be good ground for a new trial. (Code Civ. Proc., sec. 657, subd. 2; *Dixon v. Pluns,* 98 Cal. 384; 35 Am. St. Rep. 180.) The counter-affidavits, however, put an entirely different phase on the matter and show that the balloting to arrive at an average was not to control the minds of the jury nor to forestall their ultimate conclusion; it was merely a basis from which to work in their effort to reach a verdict, and the method adopted did not violate the statute. (*Hunt v. Elliott,* 77 Cal. 588.)

We think the trial judge was justified in accepting the statements of jurymen, made under oath, against those of jurymen who were unwilling to either state the facts under oath or to allow their identity to be disclosed. The exhibits attached to defendants' affidavits show nothing that is not admitted by the two jurymen who made affidavit, and they satisfactorily explained the use made of the tables of figures disclosed in the exhibits.

We discover no error, and therefore recommend that the judgment and order be affirmed.

Haynes, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Harrison, J., Garoutte, J., Van Fleet, J.