[L. A. No. 7301. In Bank.—February 9, 1923.]

## J. J. GRIFFITH, Respondent, v. OAK RIDGE OIL COMPANY (a Corporation) et al., Appellants.

[1] NEGLIGENCE — PERSONAL INJURIES — PROXIMATE CAUSE — INSTRUCTIONS.—In an action for damages for personal injuries resulting from a collision of two automobiles, where the court instructed the jury in effect that negligence on the part of either the plaintiff or defendant was of no consequence in the case, unless the jury also found that such negligence was a proximate cause of the injury, proximate cause being defined, and the jury being further instructed that in order to find for the plaintiff they must not only find from a preponderance of all the evidence that defendant was negligent, but also that such negligence was the proximate cause of the injury, and that they must further find that the evidence fails to show by a preponderance thereof that plaintiff was guilty of negligence contributing proximately thereto and that if plaintiff's negligence "contributed in the slightest degree towards such accident," the verdict must be for the defendants, the instructions were not subject to defendants' complaint that they told the jury, in effect, that negligence on the part of either party, to be of consequence in the case, must be the sole cause of the injury.

[2] ID.—CONTRIBUTORY NEGLIGENCE — PROXIMATE CAUSE — RULE.—The contention in such a case that the rule is, that negligence, to be of consequence in the case, must be the sole cause of the injury, and that such rule applies to the negligence of the defendant but not to the contributory negligence of the plaintiff, cannot be maintained, as the law does not require that negligence of the defendant must be the sole cause of the injury complained of in order to entitle plaintiff to damage therefor; all that is required in either respect is that the negligence in question shall be a proximate cause.

[3] ID.—RATE OF SPEED—INSTRUCTIONS.—An instruction to the effect that it is negligence to operate a motor vehicle at any rate of speed prohibited by law is not misleading, although there is no evidence in the case to support a finding upon it, where the jury is further instructed that this does not mean that it is necessarily permissible to operate at the speed limit so fixed by law, as a less rate of speed may under the particular circumstances be negligent, and the circumstances and conditions under which a rate of speed less than the maximum fixed by law might be found to be negligent are described.

[4] ID.—DAMAGES—LOSS OF WAGES—INSTRUCTIONS.—There is no error in an action for damages for personal injuries in refusing to give an instruction requested by defendants to the effect that in assessing damages the jurors cannot award anything on account of loss of wages, where nothing is claimed in the complaint for loss of wages and the plaintiff testifies on the trial that he lost no wages, and the court explicitly enumerates to the jury the elements for which they might award compensation, which does not include loss of wages.

[5] ID.—NEW TRIAL—MISCONDUCT OF JURY—AGREEMENT FOR AVERAGE AMOUNTS.—In an action for damages for personal injuries, a charge of misconduct of the jury in arriving at the amount of the verdict is not sustained where a preponderance of the affidavits of the jurors filed on a motion for a new trial show that, instead of agreeing in advance to ascertain the average of the amounts proposed by each juror, and to abide by the result, there was no agreement to accept the average until after it was ascertained how much the average amounted to, and then only after further discussion and deliberation.

[6] ID.—DAMAGES—WHEN NOT EXCESSIVE.—In such a case a verdict for general damages of $8,363 cannot be held on appeal to be excessive where the evidence showed that for three or four weeks immediately following the accident it was absolutely impossible for the plaintiff to lie down; that during all of that period he was compelled to sit on the edge of a chair, night and day, suffering intensely, and never able to sleep for longer than thirty minutes at a time; that at the time of the trial, eleven months after the accident, his right arm was crooked at the elbow, two fingers on the left hand paralyzed both as to sensation and as to motion, the thumb drawn and without sensation; that he could not raise his left hand to the back of his neck, and was unable to dress himself; that for six years he had been in the employ of a piano factory, in whose services it was necessary for him to play the piano to demonstrate the instruments, and that as a result of

6. Excessiveness of verdict in case of personal injuries not resulting in death, notes, Ann. Cas. 1915D, 488; Ann. Cas. 1916C, 916.

the accident he is able to play with one hand only, and it was also testified that his injuries were to some extent permanent, the extent of permanency not being definitely stated.

APPEAL from a judgment of the Superior Court of Los Angeles County. Pat R. Parker, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Kemp, Mitchell & Silberberg for Appellants.

Harry K. Sargent and Floyd L. Anderson for Respondent.

MYERS, J.—This was an action to recover damages for personal injuries arising out of a collision at the intersection of two highways, between an automobile driven by the plaintiff and one driven by the defendant Buzzard as employee and agent of the defendant Oak Ridge Oil Company. Defendants' answer, in addition to denying the allegations of the complaint, pleaded contributory negligence as an affirmative defense. Verdict was for plaintiff and defendants appeal, upon the grounds of error in the instructions, misconduct of jury, and excessive damages.

It is conceded that the evidence is sufficient to support the implied findings of defendants' negligence and plaintiff's freedom from contributory negligence, and it is also conceded that there was substantial evidence tending to prove contributory negligence, so that error in the instructions upon that issue would be material.

[1] Defendants complain of the following language in one of the instructions given:

"Negligence on the part of either the plaintiff or defendant is of no consequence in the case unless you also find that such negligence was a proximate cause of the injury. By proximate cause is meant the efficient cause; the one that necessarily sets the other causes in operation. It is that which is the actual cause of the loss, whether operating directly, or by putting intervening agencies, the operation of which could not be reasonably avoided, in motion, by which the loss is produced, it is the cause to which such loss should be attributed."

**[2]**  It is claimed that this instruction told the jury, in effect, that negligence on the part of either party, to be of consequence in the case, must be the sole cause of the injury, and defendants assert that such a rule would be correct as applied to the negligence of the defendant and incorrect as applied to contributory negligence of the plaintiff.  That is not the law.  The law does not require that negligence of the defendant must be the sole cause of the injury complained of in order to entitle the plaintiff to damages therefor.  All that is required in either respect is that the negligence in question shall be *a* proximate cause of the injury complained of, and that is precisely what the instruction told the jury.  The language quoted was but a small portion of a long general instruction given upon the subject of negligence and contributory negligence, which first defined negligence and then correctly stated the rules as to the burden of proof of negligence and contributory negligence.  Then followed the portion quoted, and ended as follows:

"In order, therefore, to find a verdict for the plaintiff you must not only find from a preponderance of all the evidence that the defendant was negligent, but also that such negligence was the proximate cause of the injury to the plaintiff; and you must further find that the evidence fails to show by a preponderance thereof that the plaintiff was guilty of negligence contributing proximately thereto; otherwise your verdict must be for the defendant."

If the jurors could have had any doubt, after reading that instruction concerning the rule that contributory negligence of plaintiff, in order to defeat his cause of action, need not be the sole cause of the injury, that doubt must have been dispelled by the twelve additional instructions given them upon the subject of contributory negligence, in several of which the jurors were told, in effect, that if negligence of the plaintiff "contributed in the slightest degree toward such accident, then your verdict must be for the defendants."  This does not present the situation claimed by appellants of two conflicting instructions upon the same subject, one correct and the other erroneous.

Appellants also complain of the following instruction:

**[3]**  "The court instructs you as a matter of law that it is negligence to operate a motor vehicle at any rate of speed prohibited by law.  If, therefore, you find that the de-

fendant operated the vehicle in question at a rate of speed greater than the speed limit fixed by law, to wit, thirty miles per hour at the place in question, you will find as a matter of law that the defendant was negligent in operating such vehicle at such speed,'' on the ground that there was no evidence to support such a finding, and that the giving of the instruction under those circumstances was prejudicial error, citing *Wallis* v. *Southern Pac. Co.*, 184 Cal. 662 [15 A. L. R. 117, 195 Pac. 408]. It is undoubtedly true that the giving of an instruction predicated upon a hypothetical finding which would be wholly unsupported by evidence may, under some circumstances, be prejudicial, as in the Wallis case, wherein the defense chiefly relied upon was contributory negligence, and the court instructed the jurors under the last clear chance rule as to circumstances whereunder they might return a verdict for the plaintiff, notwithstanding his contributory negligence, and this court determined that there was no evidence to justify the application of the last clear chance rule. In the instant case, however, the language above quoted was but a portion of an instruction, and was immediately followed by the following: ''But this does not mean that it is necessarily permissible to operate at the speed limit so fixed by law, for a less rate of speed may under the particular circumstances be negligent.'' and the court thereupon proceeded to carefully and correctly advise the jurors of the circumstances and conditions under which they might find a rate of speed less than the maximum fixed by law to be negligent. It thus becomes apparent that the language complained of was intended to be introductory and explanatory of that which immediately followed it, and that the jury could not have been misled thereby.

[4] Appellants complain of the court's refusal to give an instruction requested by them, to the effect that in assessing damages the jurors could not award anything on account of loss of wages. This was properly refused, for the reasons that nothing was claimed in the complaint for loss of wages and the plaintiff testified upon the trial that he lost no wages, because his employers continued the payment thereof during all the time that he was disabled, and, lastly, because the court did explicitly enumerate to the jury the elements for which they might award compensation, and in

this enumeration it excluded the element of the loss of wages.

[5] It is claimed that the jurors were guilty of misconduct, in that they arrived at the amount of their verdict by the system of averages; that is, that they agreed in advance to ascertain the average of the amounts proposed by each, and to abide by the result so ascertained as their verdict. Upon the hearing of the motion for new trial affidavits of two jurors were presented which tend to support this claim. In opposition thereto affidavits of five jurors were presented by the respondent, each to the effect that there was no agreement to accept the average until after it was ascertained how much the average amounted to, and then only after further discussion and deliberation. If the latter affidavits were true there was, of course, no misconduct on the part of the jurors, and no basis in their action for the granting of a new trial (*McDonnell* v. *Stage Co.*, 120 Cal. 476 [52 Pac. 725]), and the trial court so found, in effect, by denying the motion.

[6] Lastly, it is claimed that the damages awarded were excessive. The amount awarded for general damages was $8,363. It appeared from the evidence that for three or four weeks immediately following the accident it was absolutely impossible for the plaintiff to lie down; that during all of that period he was compelled to sit on the edge of a chair, night and day, suffering intensely, and never able to sleep for longer than thirty minutes at a time; that at the time of the trial, eleven months after the accident, his right arm was crooked at the elbow, two fingers on the left hand paralyzed both as to sensation and as to motion, the thumb drawn and without sensation; that he could not raise his left hand to the back of his neck, and was unable to dress himself; that for six years he had been in the employ of a piano factory, in whose services it was necessary for him to play the piano to demonstrate the instruments, and that as a result of the accident he is able to play with one hand only. It was also testified that his injuries were to some extent permanent, the extent of permanency not being definitely stated. The amount awarded by the jury was approved by the trial judge in denying the motion for new trial. Under these circumstances it is clearly apparent that we cannot say that the verdict was "so plainly and

outrageously excessive as to suggest, at first blush, passion or prejudice or corruption on the part of the jury.'' (*Howland* v. *Oakland Consol. St. Ry. Co.,* 110 Cal. 513, 523 [42 Pac. 983, 986]; *Scott* v. *Times-Mirror Co.,* 181 Cal. 366 [12 A. L. R. 1007, 184 Pac. 672].)

The appeal is without merit and the judgment is affirmed.

Kerrigan, J., Lawlor, J., Lennon, J., Waste, J., Wilbur, C. J., and Seawell, J., concurred.