[Civ. No. 12559. First Dist., Div. One. Jan. 26, 1944.]

MARY A. BUHL et al., Appellants, v. WOOD TRUCK LINES (a Corporation) et al., Respondents.

Myron Harris, William H. Older, Daniel Rygel and John Jewett Earle for Appellants.

Appelbaum & Mitchell for Respondents.

WARD, J.—This is an appeal by plaintiffs from an order granting a new trial to defendants Wood Truck Lines, Inc. (sued herein as The Wood Trucking Lines, Inc., a corporation), and Jack Cole after verdict of a jury in plaintiffs' favor.

The parties to the appeal have stipulated and agreed that the order granting a new trial was based solely upon the ground of misconduct of the jury, in that it reached its verdict by resort to chance, and further stipulated that the respondents do not attempt to justify the order upon any other ground.

The defendants in support of their motion for a new trial presented affidavits of five members of the jury "that all of the jurors who joined in the verdict in the said cause voted for the verdict in favor of the plaintiffs in an amount to be calculated by an average of the sums which were voted by all the jurors in said cause; that before arriving at the sum to be allowed the said plaintiffs, the jurors agreed that the amount so written down on said piece of paper by each juror would be added together and would then be divided by twelve and that the average was to be the amount of the verdict; that in determining the amount of said verdict in favor of plaintiffs Mary A. Buhl and Arthur Buhl, each of the jurors who joined in the verdict in said cause wrote on a piece of paper the amount which he or she desired to award the said plaintiffs and the total of said sums was then divided by twelve, and it was by this method that the amount of the verdict was reached; . . ."

In opposition to the motion plaintiffs presented the affidavits of eight members of the jury, including those of two who made the foregoing affidavit. Each deposed and said that "it was suggested by one of the jurors, as a basis for reaching an agreement if possible, that each juror write down the amount that he favored and that these sums be added together and divided by the number participating; this was done; the affiant cannot now remember the exact amount thus resulting, but affiant recalls that it was forty-four odd hundred dollars; that thereafter affiant proposed the sum of $4000.00 as fair and equitable; that a vote was taken on the sum of $4000.00 and the vote of the jury was eleven affirming and one dissenting. This was the method by which the verdicts were arrived at in the Buhl cases."

There was also presented in opposition to the motion the affidavit of W. H. Older, one of the attorneys for plaintiffs setting forth a conversation had by him with one of the jurors, who related to him the circumstances under which the verdict was reached and which are substantially the same as those contained in the other affidavits filed on behalf of plaintiffs.

The affidavits thus set forth constitute the whole of the evidence upon which the motion for a new trial was submitted and decided. It is the contention of the appellants that these affidavits taken in their entirety present no real conflict; that those used by the defendants are in such general language as to amount but to conclusions, and that the facts and details upon which such conclusions are based are disclosed in affidavits presented by appellants, in which behalf they point out that two of the jurors who subscribed to the account of the proceedings as given in the affidavits offered by the respondents also endorse unreservedly the detailed account contained in those presented by the appellants, and this without retracting anything contained in the affidavits already signed. They further contend that the verdict rendered was not the sum of the amounts suggested by the individual jurors divided by the number of jurors participating, but a figure thereafter proposed and voted upon.

The position of the respondents on the appeal is that the affidavits in fact create a conflict, and that this court, therefore, may not disturb the order made by the trial court.

█   An agreement to vote for an amount calculated by averaging the sums favored by the individual jurors is a verdict arrived at by chance. In *Will* v. *Southern Pacific Co.*, 18 Cal.2d 468, 478 [116 P.2d 44], the court said: ". . . it is

not improper for jurors to calculate an average amount as a basis for discussion if there is a later consideration of the amount and a vote upon it, even if they agree upon that amount. (*Griffith* v. *Oak Ridge Oil Co.*, 190 Cal. 389 [212 P. 913]; *McDonnell* v. *Pescadero Stage Co.*, [120 Cal. 476 (52 P. 725)]; *Ham* v. *County of Los Angeles*, 46 Cal.App. 148 [189 P. 462].)'' (See *Balkwill* v. *City of Stockton*, 50 Cal. App.2d 661 [123 P.2d 596].) It is upon the rule thus announced that plaintiffs base their appeal. ▮ Their statement that there was no conflict in the facts does not bear scrutiny. Their affidavits, while not denying that the amount of the judgment was reached by averaging the different sums, aver additional facts in conflict with those in the affidavits submitted by defendants.

The trial court was called upon to determine whether the amount of the verdict was fixed by averaging the different amounts or whether, after discussion and subsequent vote, a different sum was arrived at. A similar factual background appears in *Ham* v. *County of Los Angeles*, 46 Cal.App. 148, 154 [189 P. 462], where the court said: ''It is true, in the case before us, that plaintiffs presented to the court, on the motion, counter-affidavits of these same jurors, in which they modify their former statements, and allege that certain averments therein contained were inadvertently made; but these counter-affidavits contain no denial that there was a previous agreement to abide by the average sum arrived at, or that they were influenced in adopting such amount as their verdict by such an agreement. They do state, however, that there was deliberation and discussion after taking this average, before they finally voted to adopt it. But it is not the province of this court to determine whether the facts as related in the counter-affidavits are true; nor is it necessary to determine whether, if true, the amended affidavits avoid the attack on the verdict.''

If on the same facts the trial court herein had denied a new trial this court could have affirmed that order on the ground the evidence showed that the amount of the judgment, although arrived at substantially by the quotient process, was discussed, voted upon and represented the individual and collective views of at least three-fourths of the jurors. Appellants have failed to convince us that as a matter of law there was not such a conflict in the affidavits presented on the

motion that but one conclusion could be reached. (*Spadoni* v. *Maggenti*, 121 Cal.App. 147 [8 P.2d 874]; *Balkwill* v. *City of Stockton, supra.*)

The order appealed from is affirmed.

Peters, P. J., and Dooling, J. pro tem., concurred.

A petition for a rehearing was denied February 25, 1944, and appellants' petition for a hearing by the Supreme Court was denied March 23, 1944.